UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WAYNE OLIVER,<br><br>  Plaintiff,<br><br>  v.<br><br>H. MADSEN, et al.,<br><br>  Defendants. | Case No. 21-00578 EJD (PR)<br><br>**ORDER OF SERVICE; STRIKING ALL OTHER CLAIMS AND DEFENDANTS; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers at the Correctional Training Facility in Soledad ("CTF"), where he is currently housed. Dkt. No. 1. Plaintiff filed a first amended complaint which is the operative complaint in this matter. Dkt. No. 7; Fed. R. Civ. P. 15(a)(1). On June 30, 2021, the Court screened the amended complaint and dismissed non-cognizable claims with prejudice, dismissed with leave to amend deficient claims, and identified cognizable claims. Dkt. No. 8. Plaintiff was directed to either file a second amended complaint to correct the deficiencies or alternatively move to strike those claims and proceed on the cognizable claims. Id. Plaintiff has filed notice that he wishes to proceed on the cognizable claims identified in the court order. Dkt. No. 9 at 1.

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

Plaintiff raises various claims against Defendants Lt. Arlene Stephens, Warden Craig Koenig, K. Thompson ("Education Principle"), Sgt. Angel Hernandez, Lt. B. Hopkins, Correctional Officer S. Mora, and Correctional Officer H. Madsen, based on events that took place at CTF from July 2019 through November 2019. Dkt. No. 7 at 2. The allegations include retaliatory cell searches, repeated delays to library access, issuance of false rules violation reports (RVR), unfounded referrals for mental health assessment, and the imposition of retaliatory restrictions on the G-Wing where Plaintiff was housed.

After an initial review, the Court found the amended complaint states the following cognizable claims under § 1983: (1) under the first cause of action, retaliation claims against Defendants Madsen and Stephens, as well as against Defendants Thompson, Hernandez, Hopkins, and Koenig based on supervisor liability, Dkt. No. 8 at 5-6; and (2) excessive force claims against Defendants Mora and Madsen under the second cause of action based on the September 7, 2019 incident, id. at 10. The Court will also exercise

2

supplemental jurisdiction over Plaintiff's negligence claims against Defendants Mora and Madsen based on injuries incurred during the September 7, 2019 incident, and the damages claim based on negligent infliction of emotional distress. Id. at 12-13.

Plaintiff has elected to dismiss all other claims from this action. Dkt. No. 9. Accordingly, all other claims that were deficiently plead as discussed in the Court's initial review order shall be stricken from the complaint. Dkt. No. 8.

## CONCLUSION

For the reasons set forth above, the Court orders as follows:

1. This action shall proceed on the retaliation and excessive force claims against Defendants as described above, as well as the related state law claims. All other claims that have not already been dismissed for failure to state a claim, Dkt. No. 8 at 14-15, shall be **STRICKEN** from the amended complaint.

2. The following defendants at CTF shall be served:

    a. **Correctional Officer H. Madsen**
    b. **Lt. Arlene Stephens**
    c. **K. Thompson ("Education Principle")**
    d. **Sgt. Angel Hernandez**
    e. **Lt. B. Hopkins**
    f. **Warden Craig Koenig**
    g. **Correctional Officer S. Mora**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, (Dkt. No. 1), this order of service, a CDCR Report of E-Service Waiver form and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:** ___8/11/2021_____

_____
EDWARD J. DAVILA
United States District Judge

Order of Service; Striking Claims
PRO-SE\BLF\CR.21\00578Oliver_svc&strike.claim